Nov. Term, 1859.

Murdock v. Wheelock.

(1) *Post.*

---

## Murdock *v.* Wheelock and Another.

Prior to the act of 1859, the Common Pleas had not jurisdiction, except in certain special cases, where the amount involved was 1,000 dollars, or upwards.

*Friday, December* 16.

APPEAL from the *Cass* Court of Common Pleas.

Davison, J.—The appellees, who were the plaintiffs, brought an action against *Charles B. Knowlton* and *Andrew J. Murdock*, in said Court, upon their assignments of three several promissory notes. The notes were executed by one *Thomas W. Stevenson*, payable to the said *Knowlton*, who assigned them to *Murdock*, who assigned them to the plaintiffs.

The complaint avers that the plaintiffs, on the 12th of *November*, 1855, recovered a judgment upon the notes, in said Court, against *Stevenson*, for 884 dollars, 59 cents, and costs, &c.; upon which an execution was issued, and by the sheriff duly returned, "no property found whereon to levy." It is averred that the judgment so recovered is wholly unpaid; that at the time the notes became due, the rate of exchange on *New York* was, and still is, 5 dollars on each 100 dollars, which they, the plaintiffs, claim of the defendants; and that for charges of protest upon the several notes, and for costs and charges expended in and about

the recovery of said judgment, they have paid 100 dollars, which they demand of the defendants. The complaint concludes thus: "Wherefore the plaintiffs demand judgment against the defendants for the sum of 1,000 dollars, to be collected without relief," &c.

The cause was submitted to the Court, who found for the plaintiffs 958 dollars, 15 cents; and, having refused a new trial, rendered judgment, &c.

The point mainly relied on for the reversal of this judgment, is, that the sum demanded by the complaint is an amount to which the jurisdiction of the Common Pleas does not extend.

An "act to establish Courts of Common Pleas," &c., approved *May* 14, 1852, declares that, "In all civil actions, except for slander, libel, breach of marriage contract, action on official bond of any state or county officer, and where the title to real estate shall be in issue, the Court of Common Pleas shall have concurrent jurisdiction with the Circuit Court, when the sum due or demanded, or the damages claimed, shall not exceed 1,000 dollars, exclusive of interest and cost." 2 R. S. p. 18, § 11.

It must be conceded that this section, as it stands, allows the jurisdiction assumed in the case before us. But, subsequently, on the first of *June*, 1852, an act, relative to the organization of Circuit Courts, was passed, whereby it was provided that that Court "shall have original, exclusive jurisdiction where the amount involved is 1,000 dollars or upwards." *Id.*, p. 6, § 5.

We have decided that "this provision of the latter act, being utterly repugnant to the provision of the Common Pleas act, giving that Court jurisdiction in cases where the amount was 1,000 dollars, repealed said provision of the Common Pleas act." *Fisher* v. *Prewitt*, 7 Ind. R. 519.

In that case, it was directly held "that the Courts of Common Pleas have no jurisdiction where the amount involved is 1,000 dollars or upwards." What, then, is the amount involved in the case at bar? The plaintiffs, in their complaint, claim 884 dollars, the amount of the judg-

ment against *Stevenson;* also 5 per cent. on that judgment, the rate of exchange on *New York,* which would be 44 dollars; and, in addition, 100 dollars, paid out for cost and charges in and about the recovery of said judgment; making an aggregate amount of 1,028 dollars. This, at at once, shows that the Common Pleas could not, rightfully, take cognizance of the case before it.

But we are referred to *Collins* v. *Shaw,* 8 Ind. R. 516. There the sum demanded was 1,000 dollars. A copy of the note sued on was filed with, and made a part of, the complaint. It was for 1,911 dollars; but credits were entered upon it, which reduced the amount below 1,000 dollars. In view of these facts, the Court held, as in *Fisher* v. *Prewitt, supra,* "that where the amount involved is 1,000 dollars or upwards, the Common Pleas has no jurisdiction." But that, in the case then under consideration, the note, with its credits, being a part of the complaint, showed that the plaintiff could not recover as much as 1,000 dollars, and the damages claimed in the conclusion did not enlarge the claim.

Thus, it will be seen, that *Collins* v. *Shaw* is not an authority in point; because here the sum demanded in the conclusion of the complaint, as also the amount involved in the action, is beyond the jurisdiction of the Common Pleas.

It may be noted that since the above cause was submitted in this Court, § 11 of the Common Pleas act has been amended. See Acts of 1859, p. 93, § 1.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*L. Chamberlin,* for the appellant.

*H. P. Biddle* and *B. W. Peters,* for the appellees.